IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

MICHAEL JOHNSON,                    )
                                    )
        Plaintiff,                  )
                                    )        Case No.: 6:22-cv-3143
                                    )
                                    )
v.                                  )
                                    )        **JURY TRIAL DEMANDED**
G. MONDINI S.P.A., and              )
HARPAK-ULMA PACKAGING, LLC,         )
                                    )
        Defendants.                 )

## NOTICE OF REMOVAL

Defendant Harpak-ULMA Packaging, LLC ("Harpak"), pursuant to 28 USC §§1441(b), 1446, and 1332(a)(1), hereby removes this action from the Circuit Court for Greene County, Missouri to this Court, and as grounds for this removal states as follows:

### Introduction

1.      On or about April 14, 2022, Plaintiff Michael Johnson ("Plaintiffs") filed a civil action against Defendants Harpak and G. Mondini S.P.A. ("Mondini"), seeking damages for injuries allegedly sustained by Plaintiff in Springfield, Missouri. Plaintiff's Petition was filed in the Circuit Court for Greene County, Missouri, Cause No. 2231-CC00383. [Petition, attached as Exhibit A].

2.      Defendant Harpak received notice of Plaintiff's Petition on May 3, 2022. [Service of Process, attached as Exhibit B].

3.      The consent of Defendant Mondini to this removal is not necessary, as it has not been served. *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 832 (8th Cir. 2002).

20321881.v1

4.      As required by 28 U.S.C. §1446(a), Exhibit C is a true and complete copy of all process, pleadings, and orders in the state court action.

5.      This Notice of Removal is timely under 28 U.S.C. §1446(b)(1), as it is being filed within 30 days after receipt of service by Defendant Harpak.

6.      Removal of this case is proper as this Court has diversity subject matter jurisdiction pursuant to 28 USC §1332(a)(1) because the parties are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the alleged events or omissions giving rise to the claim occurred in Greene County, Missouri, which is within the Judicial Circuit of the United States District Court for the Western District of Missouri.

8.      Pursuant to 28 U.S.C. §1446(d), Defendant Harpak will promptly file a written Notice of Removal to Federal Court with the Clerk of the State Court, along with a copy of this Notice of Removal.

9.      Also pursuant to 28 U.S.C. §1446(d), Defendant Harpak will promptly serve this Notice of Removal, along with the Notice of Removal to Federal Court filed with the State Court, upon Plaintiff.

## Diversity of Citizenship

10.     For diversity purposes a corporation is "deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010).

11.     Defendant Harpak is a Delaware limited liability company with its principal place of business in Massachusetts.

20321881.v1

12.     Defendant Mondini is a foreign business entity registered in Italy with a principal place of business in Italy. Accordingly, Defendant Mondini is a citizen of Italy.

13.     For purposes of diversity subject matter jurisdiction, the citizenship of a natural person is the person's domicile, which is determined by the state where the person is physically present with an intent to remain indefinitely. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).

14.     At all relevant times, Plaintiff was physically present in Missouri with an intent to remain there indefinitely. Plaintiff resides in Christian County, Missouri. Accordingly, Plaintiff is domiciled in Christian County, Missouri, and he is a citizen of Missouri.

15.     The parties, for purposes of diversity subject matter jurisdiction, are Plaintiff, a citizen of Missouri, Defendant Harpak, a citizen of Delaware and Massachusetts and Defendant Mondini, a citizen of Italy.

16.     Therefore, complete diversity of citizenship as required by 28 U.S.C. §1332 is established because the parties are diverse.

## Amount in Controversy

17.     The Petition's allegations demonstrate that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff's claims are for product liability and negligence related to an alleged injury to his hand that resulted in the amputation of two fingers. When liability is established, damages in excess of the jurisdictional amount of $75,000 have been awarded in product liability cases in Missouri. *See, e.g.*, *Foster v. Catalina Indus.*, 55 S.W.3d 385, 389 (Mo. Ct. App. 2001); *Cole v. Goodyear Tire & Rubber*, 967 S.W.2d 176, 179, 182 (Mo. Ct. App. 1998); *Letz v. Turbomeca Engine*, 975 S.W.2d 155, 163 (Mo. Ct. App. 1997).

18.     Given these allegations of serious personal injuries, Defendant Harpak has shown that more than $75,000 is in controversy and it is facially apparent from the Petition that the amount

20321881.v1

in controversy exceeds the jurisdictional minimum. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002).

19.     Accordingly, given the nature of Plaintiff's personal injury allegations, the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## Conclusion

20.     Jurisdiction is therefore proper in this Court pursuant to 28 U.S.C. §1332(a)(1), which provides that the United States District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

21.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant Harpak's right to assert any defense or affirmative matter including, without limitation, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of service of process; (3) the absence of venue in this Court or in the court from which this action has been removed.

WHEREFORE, Defendant Harpak-ULMA Packaging, LLC prays that Cause No. 2231-CC00383 of the Circuit Court for Greene County, Missouri be removed to this court for trial and determination.

20321881.v1

Respectfully submitted,

**LAW OFFICE OF CRAIG A. HANSEN**


By:    /s/ Phil Sholtz
          Craig A. Hansen # 45432
          Phil Sholtz #57375
          philip.sholtz@zurichna.com
          1299 Zurich Way, Suite 480
          Schaumburg, Illinois 60196
          (314) 588-2250 - Direct Dial
          (314) 436-0546 - Facsimile

          *Attorneys for Defendant Harpak-ULMA*
          *Packaging, LLC*


## CERTIFICATE OF SERVICE/MAILING

The undersigned hereby certifies that a copy of the foregoing was sent via U.S. mail, postage pre-paid, on this 2nd day of June, 2022, to the following:

Randy Reichard
Lowther Johnson Attorneys at Law, LLC
901 St. Louis Street, 20th Floor
Springfield, MO 65806

*Attorneys for Plaintiff*


          /s/ Phil Sholtz

20321881.v1