IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI

MICHAEL JOHNSON,

Plaintiff,

vs.

G. MONDINI S.P.A.,
***Serve At:***
Via Brescia, 5/7
25033 Cologne (BS) Italy

AND

HARPAK-ULMA PACKAGING, LLC,
***Serve Registered Agent:***
CAPITOL SERVICES, INC.,
108 Lakeland Ave.
Dover, DE, 19901

Defendants,

Case No. ____________________

**PETITION**

**COMES NOW** Plaintiff, Michael Johnson, by and through his undersigned attorneys, and for his claims and causes of action against Defendants G. Mondini S.p.A. and Harpak-ULMA Packaging, LLC, states and avers to the Court as follows:

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

1. Plaintiff Michael Johnson (hereinafter "Plaintiff") is, and at all times relevant to this Petition was, a resident of Ozark, Christian County, Missouri.

2. Upon information and belief, Defendant G. Mondini S.p.A. (hereinafter "Defendant G. Mondini") is an Italian societa per azioni, or public limited company, with its principal place of business in Italy. It may be served with process as set forth above.

3. Upon information and belief, Defendant Harpak-ULMA Packaging, LLC (hereinafter "Defendant Harpak") is a Delaware limited liability company in good standing, with its principal place of business in Massachusetts. It may be served with process as set forth above.

4. Upon information and belief, the machine at issue in this lawsuit was manufactured, designed, produced, sold, and distributed by Defendant G. Mondini which was entered into the stream of commerce in and around Greene County, Missouri.

5. Upon information and belief, the machine at issue in this lawsuit was distributed, sold, installed, maintained, and configured by Defendant Harpak in and around Greene County, Missouri.

6. The Court has personal jurisdiction over the parties herein, in that all such parties have minimum contacts with the forum sufficient to satisfy due process, and the occurrences alleged herein are arising out of those contacts with the forum.

7. Venue is proper in this Court pursuant to § 508.010 RSMo. in that the claims herein involve a tort and Plaintiff was first injured by the wrongful acts or negligent conduct of Defendants in Greene County, Missouri.

8. Upon information and belief, Defendants did regularly solicit and engage in business and other persistent courses of conduct and derive substantial revenues from goods used in and around Missouri.

9. Upon information and belief, Defendants G. Mondini and Harpak (hereinafter "Defendants") are engaged in a joint venture in that there was (1) an express or implied agreement amongst Defendants with respect to the sale, distribution, installation, configuration, and maintenance of machines, such as the one at issue in this case, manufactured by Defendant G. Mondini, (2) they had a common purpose in the sale, distribution, installation, configuration,

and maintenance of machines, such as the one at issue in this case, manufactured by Defendant G. Mondini, (3) there was a community of pecuniary interest in the sale, distribution, installation, configuration, and maintenance of machines, such as the one at issue in this case, manufactured by Defendant G. Mondini, and (4) there was equality in determining the direction of the enterprise with respect to the sale, distribution, installation, configuration, and maintenance of machines, such as the one at issue in this case, manufactured by Defendant G. Mondini.

10. Kraft Heinz Foods Company operates a manufacturing facility in Springfield, Greene County, Missouri wherein it manufactures Kraft Macaroni & Cheese and other Kraft products.

11. At all times mentioned herein, Plaintiff was a shift lead employed at the Kraft-Heinz facility in Springfield, Greene County, Missouri.

12. One of the machines utilized in the Kraft-Heinz facility in June 2020 was a G. Mondini Closing Machine Evoluzione Evo 390 XL (hereinafter the "Machine").

13. Defendants marketed and sold the Machine as meeting the Category 3 safety standards set forth in ISO EN 13849 and UNI EN 954-1, international regulations that provide safety requirements and guidance on the principles of design and integration of machine safety functions, such the Machine was designed to not only check for faults but also have redundant configurations for all safety functions.

14. On or about June 4, 2020, Plaintiff was required to perform routine and repetitive service on the Machine when product became jammed in the Machine during production at the Kraft-Heinz Factory in Springfield, Greene County, Missouri.

15. While Plaintiff was servicing the Machine, and while the interlocked door was open, the brake on the motor failed to hold the Machine in the stopped position, causing the tool in the Machine to fall onto Plaintiff's right hand.

16. As a result of Plaintiff's right hand being smashed in the Machine, Plaintiff suffered catastrophic injuries to his hand, including eventual amputation of his first and second fingers.

17. Plaintiff's damages exceed $25,000.00.

## COUNT I—STRICT PRODUCTS LIABILITY

**COMES NOW** Plaintiff, by and through his undersigned attorneys, and for Count I of his cause of action against the Defendants, states and avers to the Court as follows:

18. Plaintiff incorporates by reference each and every preceding paragraph of his Petition as if set forth more fully herein.

19. The Defendants designed, manufactured, produced, advertised, installed, sold, configured, and maintained the Machine and otherwise placed the Machine in the stream of commerce in the course of Defendants' business.

20. The Machine was sold in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use, in that:

a. The tool of the Machine, while in a stopped position in the cycle after Plaintiff opened the interlocked door, could still rotate, without warning;

b. The brake on the servo motor failed to hold the tool in the Machine in a stopped position in the cycle after the interlocked door was opened, without warning;

c. The Machine did not stop and hold all movement when the interlocked moveable guard was opened, without warning;

d. The Machine relied on a Lenze MCA asynchronous servo drive motor with magnetic brake to hold the Machine during stop conditions, in direct contradiction to the warnings published by Lenze which provided: "Do not use the built-in brakes as fail-safe brakes," but this was the only safety device provided on the Machine by Defendants; and

e. The Machine failed to have a secondary safety device to prevent the tool from moving while the interlocked door was open, without warning, and inconsistent with a Category 3 Safety Related Parts of Control System.

21. At the time of the incident described herein, the Machine was being used in a manner that was reasonably anticipated.

22. The Defendants, as manufacturers, advertisers, and sellers of the defective product, are strictly liable for all damage directly and proximately caused by the Machine.

23. As a direct and proximate result of the Defendants' dangerous and defective product, Plaintiff suffered injuries to his person, including, but not limited to the following:

a. Crush injury to right hand;

b. Comminuted fractures in second metacarpal on right hand;

c. Comminuted fractures in third metacarpal of right hand;

d. Extension of second metacarpal phalangeal joint in right hand;

e. Fracture of the distal phalanx of the right thumb;

f. Nailbed injury of the right thumb;

g. Extensor tendon injury in right hand;

h. Soft tissue injury to right hand;

i. Partial amputation of right hand in right index and long finger;

Case 6:22-cv-03143-BP Document 1-2 Filed 06/02/22 Page 5 of 15

Electronically Filed - Greene - April 13, 2022 - 03:30 PM

  j. Chronic pain in right hand;

  k. Neuroma in right hand;

  l. Phantom pain in right hand;

  m. Lacerations on right hand; and

  n. Scarring and disfigurement of right hand.

  24. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff was required to and did obtain the services of doctors and other medical providers and facilities, and he was required and did receive medicine and medical treatment and will be required in the future to obtain such services, medicine, treatment and prosthetics.

  25. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff did suffer and continues to suffer severe pain, suffering, discomfort, and garden variety emotional distress directly related to those injuries specified in paragraph 23(a)-(n) that prevents him from performing normal and customary activities as were possible before the occurrence stated herein.

  26. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff sustained, and will sustain in the future, a loss of enjoyment in the daily activities of his life due to the injuries described herein and the pain and suffering he endures.

  27. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff has suffered lost wages, earnings and benefits and will suffer future lost wages, earnings and benefits, including a diminution in earning capacity.

  28. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff has suffered damages in excess of $25,000.00, the exact amount of which has not been determined at this time.

**WHEREFORE,** Plaintiff prays this Court for Judgment on Count I of his Petition against Defendants for such damages as are fair and reasonable, for court costs and interest as allowed by Missouri law, and for any other and further relief as the Court deems just and proper in the premises.

## COUNT II—STRICT LIABILITY/FAILURE TO WARN

**COMES NOW** Plaintiff, by and through his undersigned attorneys, and for Count II of his cause of action against the Defendants states and avers to the Court as follows:

29. Plaintiff incorporates by reference each and every preceding paragraph of his Petition as if set forth more fully herein.

30. The Defendants designed, manufactured, produced, advertised, installed, sold, configured, and maintained the Machine and otherwise placed the Machine in the stream of commerce in the course of Defendants' business.

31. The Machine was sold in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, for all the reasons set forth in Count I, *supra.*

32. The Defendants, even though they knew or should have known of the dangers associated with the Machine, did not give adequate warning of:

   a. the danger that the tool of the Machine could still rotate while in a stopped position with the interlocked door was open;

   b. the fact that although the Machine was designated as a Category 3 machine under ISO EN 13849 and UNI EN 954-1, it did not, in fact, have a redundant safety feature to prevent the tool from rotating while in a stopped position with the interlocked door opened; and

    c. the fact that the brake utilized by the Machine to prevent the tool from rotating while in a stopped position with the interlocked door opened – namely the reliance on the Lenze MCA asynchronous servo drive motor to hold the Machine during stop conditions – was expressly prohibited by Lenze, the manufacturer of the motor.

33. At the time of the incident described herein, the Machine was being used in a manner that was reasonably anticipated.

34. The Defendants, as manufacturers, advertisers, and sellers of the defective product, are strictly liable for all damage directly and proximately caused by their failure to warn.

35. Had Plaintiff known of the defects with the Machine, Plaintiff never would have inserted his arm into the Machine.

36. As a direct and proximate result of the Defendants' failure to warn, Plaintiff suffered injuries to his person, including, but not limited to the following:

a. Crush injury to right hand;

b. Comminuted fractures in second metacarpal on right hand;

c. Comminuted fractures in third metacarpal of right hand;

d. Extension of second metacarpal phalangeal joint in right hand;

e. Fracture of the distal phalanx of the right thumb;

f. Nailbed injury of the right thumb;

g. Extensor tendon injury in right hand;

h. Soft tissue injury to right hand;

i. Partial amputation of right hand in right index and long finger;

Electronically Filed - Greene - April 13, 2022 - 03:30 PM

j. Chronic pain in right hand;

k. Neuroma in right hand;

l. Phantom pain in right hand;

m. Lacerations on right hand; and

n. Scarring and disfigurement of right hand.

37. As a direct and proximate result of Defendants' failure to warn, Plaintiff was required to and did obtain the services of doctors and other medical providers and facilities, and he was required and did receive medicine and medical treatment and will be required in the future to obtain such services, medicine, treatment and prosthetics.

38. As a direct and proximate result of Defendants' failure to warn, Plaintiff did suffer and continues to suffer severe pain, suffering, discomfort, and garden variety emotional distress as directly related to those injuries specified in paragraph 36(a)-(n) that prevents him from performing normal and customary activities as were possible before the occurrence stated herein.

39. As a direct and proximate result of Defendants' failure to warn, Plaintiff sustained, and will sustain in the future, a loss of enjoyment in the daily activities of his life due to the injuries described herein and the pain and suffering he endures.

40. As a direct and proximate result of Defendants' failure to warn, Plaintiff has suffered lost wages, earnings and benefits and will suffer future lost wages, earnings and benefits, including a diminution in earning capacity.

41. As a direct and proximate result of Defendants' failure to warn, Plaintiff has suffered damages in excess of $25,000.00, the exact amount of which has not been determined at this time.

Electronically Filed - Greene - April 13, 2022 - 03:50 PM

**WHEREFORE**, Plaintiff prays this Court for Judgment on Count II of his Petition against Defendants for such damages as are fair and reasonable, for court costs and interest as allowed by Missouri law, and for any other and further relief as the Court deems just and proper in the premises.

## COUNT III—NEGLIGENCE/DEFECTIVE PRODUCT

**COMES NOW** Plaintiff, by and through his undersigned attorneys, and for Count III of his cause of action against the Defendants states and avers to the Court as follows:

42. Plaintiff incorporates by reference each and every preceding paragraph of his Petition as if set forth more fully herein.

43. The Defendants designed, manufactured, produced, advertised, installed, sold, configured, and maintained the Machine and otherwise placed the Machine in the stream of commerce in the course of Defendants' business.

44. The Machine was sold with a latent defect and/or hazard and was unreasonably dangerous when put to a reasonably anticipated use, for all the reasons set forth in Count I, *supra*.

45. At the time of the accident, the Machine was being used in a manner that was reasonably anticipated.

46. Defendants failed to use ordinary care in the manufacture and/or design of the Machine to be reasonably safe and are liable for all damages directly and proximately caused by the Machine to Plaintiff.

47. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff suffered injuries to his person, including, but not limited to the following:

a. Crush injury to right hand;

  b. Comminuted fractures in second metacarpal on right hand;

  c. Comminuted fractures in third metacarpal of right hand;

  d. Extension of second metacarpal phalangeal joint in right hand;

  e. Fracture of the distal phalanx of the right thumb;

  f. Nailbed injury of the right thumb;

  g. Extensor tendon injury in right hand;

  h. Soft tissue injury to right hand;

  i. Partial amputation of right hand in right index and long finger;

  j. Chronic pain in right hand;

  k. Neuroma in right hand;

  l. Phantom pain in right hand;

  m. Lacerations on right hand; and

  n. Scarring and disfigurement of right hand.

48. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff was required to and did obtain the services of doctors and other medical providers and facilities, and he was required and did receive medicine and medical treatment and will be required in the future to obtain such services, medicine, treatment and prosthetics.

49. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff did suffer and continues to suffer severe pain, suffering, discomfort, and garden variety emotional distress as directly related to those injuries specified in paragraph 47(a)-(n) that prevents him from performing normal and customary activities as were possible before the occurrence stated herein.

50. As a direct and proximate result of Defendants' dangerous and defective product Plaintiff sustained, and will sustain in the future, a loss of enjoyment in the daily activities of his life due to the injuries described herein and the pain and suffering he endures.

51. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff has suffered lost wages, earnings and benefits and will suffer future lost wages, earnings and benefits, including a diminution in earning capacity.

52. As a direct and proximate result of Defendants' dangerous and defective product, Plaintiff has suffered damages in excess of $25,000.00, the exact amount of which has not been determined at this time.

**WHEREFORE,** Plaintiff prays this Court for Judgment on Count III of his Petition against Defendants for such damages as are fair and reasonable, for court costs and interest as allowed by Missouri law, and for any other and further relief as the Court deems just and proper in the premises.

## COUNT IV—NEGLIGENT FAILURE TO WARN

**COMES NOW** Plaintiff, by and through his undersigned attorneys, and for Count IV of his cause of action against the Defendants states and avers to the Court as follows:

53. Plaintiff incorporates by reference each and every preceding paragraph of his Petition as if set forth more fully herein.

54. The Defendants designed, manufactured, produced, advertised, installed, sold, configured, and maintained the Machine and otherwise placed the Machine in the stream of commerce in the course of Defendants' business.

55. The Machine was sold with a latent defect and/or hazard and was unreasonably dangerous when put to a reasonably anticipated use, for all the reasons set forth in Count I, *supra.*

56. At the time of the accident, the Machine was being used in a manner that was reasonably anticipated.

57. Defendants knew, or by using ordinary care should have known, of the hidden defect and/or hazard of the Machine.

58. Defendants, even though they knew or should have known of the dangers associated with the Machin, failed to warn of the hidden defect and/or hazard of the Machine.

59. Defendants had no reason to believe that the end user of the Machine would realize the danger posed by the product's defect and/or hazard without warning.

60. Had Plaintiff known of the risks associated with the Machine, Plaintiff would not have inserted his hand into the Machine.

61. As a direct and proximate result of Defendants' failure to warn, Plaintiff suffered injuries to his person, including, but not limited to the following:

a. Crush injury to right hand;

b. Comminuted fractures in second metacarpal on right hand;

c. Comminuted fractures in third metacarpal of right hand;

d. Extension of second metacarpal phalangeal joint in right hand;

e. Fracture of the distal phalanx of the right thumb;

f. Nailbed injury of the right thumb;

g. Extensor tendon injury in right hand;

h. Soft tissue injury to right hand;

  i. Partial amputation of right hand in right index and long finger;

j. Chronic pain in right hand;

k. Neuroma in right hand;

l. Phantom pain in right hand;

m. Lacerations on right hand; and

n. Scarring and disfigurement of right hand.

62. As a direct and proximate result of Defendants' failure to warn, Plaintiff was required to and did obtain the services of doctors and other medical providers and facilities, and he was required and did receive medicine and medical treatment and will be required in the future to obtain such services, medicine, treatment and prosthetics.

63. As a direct and proximate result of Defendants' failure to warn, Plaintiff did suffer and continues to suffer severe pain, suffering, discomfort, and garden variety emotional distress as directly related to those injuries specified in paragraph 61(a)-(n) that prevents him from performing normal and customary activities as were possible before the occurrence stated herein.

64. As a direct and proximate result of Defendants' failure to warn, Plaintiff sustained, and will sustain in the future, a loss of enjoyment in the daily activities of his life due to the injuries described herein and the pain and suffering he endures.

65. As a direct and proximate result of Defendants' failure to warn, Plaintiff has suffered lost wages, earnings and benefits and will suffer future lost wages, earnings and benefits, including a diminution in earning capacity.

Electronically Filed - Greene - April 15, 2022 - 03:30 PM

66. As a direct and proximate result of Defendants' failure to warn, Plaintiff has suffered damages in excess of $25,000.00, the exact amount of which has not been determined at this time.

**WHEREFORE,** Plaintiff prays this Court for Judgment on Count IV of his Petition against Defendants for such damages as are fair and reasonable, for court costs and interest as allowed by Missouri law, and for any other and further relief as the Court deems just and proper in the premises.

LOWTHER JOHNSON
Attorneys at Law, LLC

BY: */s/ Randy J. Reichard*

Randy J. Reichard
Missouri Bar Number 44560
B. Jacob Haskins
Missouri Bar Number 71920
901 St. Louis Street, 20th Floor
Springfield, MO 65806
Telephone: 417-866-7777
rreichard@lowtherjohnson.com
*Attorneys for Plaintiff*